STOULIG, Judge.
Plaintiff, Joseph Orgeron, has appealed a judgment dismissing his claim for maximum workmen’s compensation benefits for a job-connected accident he alleged left him totally and permanently disabled, and for statutory penalties and attorney’s fees. Named defendants were his employer, New Orleans Stevedoring Company and its compensation insurer, Employers National Insurance Company.
This appeal concerns itself with the sufficiency of evidence adduced to prove plaintiff was in fact injured in an industrial accident and disabled as a result thereof.
The testimony of plaintiff and two coworkers establishes plaintiff was injured on March 2, 1971 as he was performing his duties as a longshoreman on the Louisa Street Wharf in the City of New Orleans. At the time he and a co-worker were assigned to hooking a cargo bridle to loaded pallets on the wharf so that they could be hoisted aboard a ship. Each man was to attach an iron spreader at the bottom of the bridle to the base of the pallet. Having completed the hookup on one pallet, plaintiff and his helper were pushing the wires above the loaded pallet to keep tension on the net that encased the load until the ship hoist took up the slack as a winch moved it upward. When the winch came •downward by mistake, it knocked loose a steel spreader on the bridle, which struck plaintiff on the left shoulder and upper arm while the hook itself hit his head.
Plaintiff claims this blow caused a permanent loss of strength and function in the left shoulder, arm and hand that prevents him from working as a longshoreman. While the medical evidence establishes he suffered some disability and discomfort after the accident, it fails to support a claim of total and permanent disability. Undoubtedly Orgeron was medically unfit to continue working as a longshoreman a short time after this accident, but this is due to a high blood pressure condition neither caused nor aggravated by the accident upon which this suit is based.
The medical evidence elicited to, support plaintiff’s claim that his disability stems from orthopedic problems in the left shoulder and arm is grounded on subjective findings. The validity of the diagnoses favoring plaintiff’s claim is dependent to a large degree on plaintiff’s sincerity and truthfulness in stating his complaints. As the record is constituted, there is no basis for our concluding the trial court committed error in assigning greater weight to *846 the medical opinion adduced by the defense.
Plaintiff testified he sought medical treatment two days after his injuries; however, the doctor he said he visited did not testify.' He produced medical evidence that established he consulted Dr. J. Browne LaRose, a general practitioner, on March 15, 1971 (about 13 days after the accident), and there is no report or testimony documenting an earlier visit to a physician. X-rays of the involved areas taken on March 16 were negative. On March 24, Dr. LaRose found muscle spasm of the neck. Because of his complaint of shoulder pain, Dr. LaRose -referred him to Dr. George Berkett, an orthopedist.
Dr. Berkett saw plaintiff on April 16, 1971 and stated there was no organic basis for his complaints from an orthopedic standpoint. Because the complaints persisted during May, 1971 Dr. LaRose referred him to Dr. Howard Karr, a neurosurgeon who also found no limitation of motion in the neck and shoulder and could not explain the complaints from a neurological standpoint. The result of the consultations were réceived by Dr. LaRose by May 20, 1971, and at this time he advised the employer the shoulder problem was ended but he suggested plaintiff should not be returned to work because he had an abnormally high blood pressure.
Plaintiff was described as an obese man and at various examinations he weighed in at between 320 and 340 pounds. He was 47 years old and was 5 feet 11 inches tall. The consensus of opinion by the defense medical experts was that the blood pressure condition was in no way related to the March 2, 1971 accident.
Dr. Byron Unkauf, an orthopedic surgeon, appeared for the plaintiff. He examined plaintiff on two occasions, June 12, 1972 and March 30, 1973. He expressed the view plaintiff had sustained a mild shoulder strain and a slightly more severe cervical strain as a result of his injury. He said this conditipn precluded his continuing to work as a longshoreman.
Dr. T. Sterling Dunn, Jr., an internist, also stated he felt plaintiff could not work as a longshoreman due to orthopedic problems in the left arm and shoulder. While he could not “pigeonhole” plaintiff’s complaints, he felt they were sincere and disabling. When he was advised Dr. Berkett thought otherwise, he stated he would defer to the orthopedist’s opinion because the diagnosis was within the province of the orthopedic specialist.
While there is disagreement among the medical experts, this is no basis for reversal. The rule of law applicable in this case is, absent manifest error, the conclusions reached by the trial judge after weighing the lay and medical testimony will not be overturned. See Rebaudo v. Security Insurance Company, 259 So.2d 467 (La.App. 4th Cir. 1972).
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.